UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and KEITH BRAUNS,

Plaintiffs,

v.

KRAFT FOODS NORTH AMERICA, INC., successor by merger to NABISCO, INC.,

Defendant.

CIVIL ACTION NO. 01-1694(RHK/JMM)

**CONSENT DECREE AND ORDER**

This action was filed by the Equal Employment Opportunity Commission ("Commission") on September 14, 2001, pursuant to the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. §626(b) et seq. The Commission alleged that Nabisco, Inc., which subsequently merged into Kraft Foods North America, Inc. (hereinafter referred to jointly as "defendant") placed Keith Brauns on a Corrective Action Plan and ultimately fired him because of his age, 48. Defendant has denied the Commission's allegations.

Plaintiff Keith Brauns ("Brauns") filed a companion action in the District Court of Hennepin County, Minnesota under the Minnesota Human Rights Act (MHRA), which was combined with this case pursuant to the Court's "Order for Reassignment of Related Cases" herein dated November 26, 2001 and November 29, 2001. Defendant has denied Brauns's allegations.

The Commission, Brauns, and defendant (the "parties") have agreed to resolve this matter pursuant to this Consent Decree, without continuing to trial on the merits.

**NOW, THEREFORE,** the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, it is

APR 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action and over the parties for purposes of entering and enforcing this Decree.

2. The terms of this Decree are adequate, fair, reasonable, equitable and just.

3. This Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADEA, and will be in the best interests of the parties, those for whom EEOC seeks relief, and the public.

4. This Decree resolves all claims arising out of the Charge of Discrimination filed by Keith Brauns, EEOC Charge No. 265-A0-0901 ("Charge"), and constitutes a complete resolution of all claims under the ADEA that were made or could have been made by the parties to that Charge, and of all claims that were made or could have been made by Brauns under the Minnesota Human Rights Act arising out of the matters alleged in that Charge. The parties further agree that this Decree does not resolve any other claims.

**INJUNCTIVE RELIEF**

1. Compliance.

Defendant and its officers, agents, employees, successors, and all persons in active concert or participation with them in the Vend Sales Division agree not to engage in any employment practice that discriminates on the basis of age 40 years or older.

2. Training.

Defendant shall provide training in regard to the Age Discrimination in Employment Act ("ADEA") to all of its managers and supervisors within the Vend Sales Division, by September 30, 2002, and thereafter to any new managers and supervisors within the division during the two years

following the entry of this Consent Decree and Order, and shall annually provide the EEOC's Milwaukee District Office with a list of those trained and the date and description of the training provided. Such training shall be conducted by one or more outside trainers chosen by Defendants with the consent of the Commission, and shall include training in regard to age discrimination, age stereotypes, and the ADEA.

3. Dissemination and Posting of Policy Statement

Defendant agrees to issue and disseminate a statement to all its employees affirming its obligation to comply with the ADEA, and affirming that it is the responsibility of all of Defendant's employees to comply with the ADEA. Plaintiff acknowledges that Defendant disseminated this policy statement in January 2002. Once each year for the next two years, Defendant shall re-issue and post the policy statement in all of the regional offices of the Vend Sales Division. Defendant will continue to post the standard EEOC employee rights information poster with its own standard Equal Employment Opportunity and Anti-Harassment policy.

4. Certification to Commission.

Upon each annual compliance with the foregoing provision of this Consent Decree, Defendants shall promptly certify to the undersigned counsel for the Commission that Defendants have complied with it.

5. References to Mr. Brauns by Defendant

Without express written consent of Brauns, Defendant will not provide to anyone any information about Brauns or his employment except to confirm his employment and the dates during which Brauns was on Defendant's payroll.

6. Reporting

For two years from the entry of this Consent Decree and Order, defendant shall report in

writing, to the undersigned counsel for the Commission (on a semiannual basis every June 30 and December 31 starting with June 30, 2002), the name, address, phone number, job title, and age of each employee in the Vend Sales Division, noting such individuals who are placed on Corrective Action Plans, terminated, disciplined, or promoted. Defendant shall maintain all documents pertaining to such actions for the length of the reporting period of this decree and thereafter as required by law, and shall make such documents available for inspection by the Commission pursuant to Paragraph 7 herein.

7. Right of Entry for Inspection

The Commission shall have the right, on 48 hours' written notice to defendant, to enter upon defendant's offices and inspect any relevant documents or records for the purpose of determining defendant's compliance with this Consent Decree and Order.

**MONETARY RELIEF**

A. Defendant agrees to pay the following sums to Brauns:

1. On or before April 15, 2002, the sum of $40,000 as back pay, subject to ordinary withholdings.
2. On or before April 15, 2002, the sum of $15,000 for future medical expenses.
3. On or before April 15, 2002, the sum of $9,000 for future wage loss during 2002.
4. On or before April 15, 2002, the sum of $35,500 for past emotional distress.
5. In January 2003, the sum of $36,000 as future wage loss after December 31, 2002.
6. In January 2003, the sum of $48,400 as future emotional distress.

B. In addition to the foregoing amounts awarded to Brauns, Defendant shall pay to Richard T. Wylie, Brauns's attorney, the sum of $86,100 as and for reasonable attorneys fees, pursuant to 29 U.S.C.§216(b), on or before April 15, 2002.

C. Defendant shall mail the above payments in paragraph A to Mr. Brauns at his home address or at such other location as Mr. Brauns may direct, and shall simultaneously provide a copy of the payment check(s) to the undersigned counsel for the Commission.

**TERM OF DECREE**

This Decree will remain in effect for a period of two years from the date of its entry.

**SO ORDERED, ADJUDGED AND DECREED this** 19th **day of** April**, 2002.**

United States District Court Judge

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Gwendolyn Young Reams
Acting Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Milwaukee District Office
310 W. Wisconsin Avenue, Suite 800
Milwaukee, WI 53203
(414) 297-1130

Jean P. Kamp
Regional Attorney

Brian C. Tyndall
Senior Trial Attorney

Date 3/28/02

C. Defendant shall mail the above payments in paragraph A to Mr. Brauns at his home address or at such other location as Mr. Brauns may direct, and shall simultaneously provide a copy of the payment check(s) to the undersigned counsel for the Commission.

**TERM OF DECREE**

This Decree will remain in effect for a period of two years from the date of its entry.

**SO ORDERED, ADJUDGED AND DECREED this ______ day of ______, 2002.**

______________________________
United States District Court Judge

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Gwendolyn Young Reams
Acting Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Milwaukee District Office
310 W. Wisconsin Avenue, Suite 800
Milwaukee, WI 53203
(414) 297-1130

Jean P. Kamp
Regional Attorney

______________________________ Date 3/28/02
Brian C. Tyndall
Senior Trial Attorney

KEITH BRAUNS Date 4/4/02

RICHARD T. WYLIE Date 4/4/02
Attorney for Plaintiff Keith Brauns
701 Fourth Avenue South, Suite 500
Minneapolis, MN 55415
Phone (612) 337-9581
Fax (612) 630-1044

KRAFT FOODS NORTH AMERICA, INC.,
successor by merger to NABISCO, INC.

By: Robert L Hurst Date 4/8/02
Vice President

PAUL J. ZECH Date 4/15/02
Felhaber, Larson, Fenlon & Vogt, P.A.
Attorneys for Defendant
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402-4302
Phone (612) 339-6321
Fax (612) 338-0535

n:consent-decree.3